# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN JUSTICE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10 C 5331 |
| TOWN OF CICERO, ILLINOIS and LARRY DOMINICK, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff John Justice has sued the Town of Cicero, Illinois, and Town president Larry Dominick. Justice asserts that Cicero's firearms registration ordinance violates his rights under the Second and Fourteenth Amendments and the Illinois Constitution. Defendants have moved to dismiss the complaint for lack of standing and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court grants defendants' Rule 12(b)(1) motion.

## Background

In 2006, Justice sued the Cicero and various Cicero employees, contesting, among other things, their enforcement of a Cicero firearms registration ordinance against him. Cicero police had discovered six unregistered firearms belonging to Justice while executing an administrative search of his business. They arrested and

cited him for six counts of failing to register firearms in violation of section 62-260 of the Town of Cicero Code. Justice alleged that the defendants' conduct violated his rights under the Second and Fourteenth Amendments and the Illinois Constitution. He also asserted a claim contesting Cicero's business license ordinances and an antitrust claim challenging Cicero's operation of its water department.

Judge Wayne Andersen dismissed the complaint for failure to state a claim. *Justice v. Town of Cicero*, No. 06 C 1108, 2007 WL 2973851 (N.D. Ill. Oct. 7, 2007). Addressing the firearms registration ordinance, the court stated:

> Because the Second Amendment only regulates the activities of the federal government, not municipalities, the Town's firearms ordinance does not violate any federal constitutional right. And because the Illinois Constitution gives home rule units wide latitude to regulate the private possession of firearms in order to protect the public health, safety, and welfare, the Town's firearms ordinance does not violate the State constitution.

*Id.* at *4-5 (citations omitted).

Justice appealed to the Seventh Circuit. While his appeal was pending, the Supreme Court decided *District of Columbia v. Heller*, 554 U.S. 570 (2008), invalidating an ordinance banning handgun possession in the home. *Id.* at 635. Additionally, the Seventh Circuit held in *National Rifle Ass'n of America v. City of Chicago*, 567 F.3d 856 (7th Cir. 2009), that the Second Amendment was not incorporated by the Fourteenth Amendment against the states. The Seventh Circuit's decision in *National Rifle* aligned it against the Ninth Circuit in a circuit split.

On appeal, the Seventh Circuit affirmed the district court's dismissal of Justice's complaint. *Justice v. Town of Cicero*, 577 F.3d 768 (7th Cir. 2009). With respect to Justice's Second Amendment claim, the court took into account the possibility that the

Supreme Court might rule that the Second Amendment applies to the states and their subdivisions. The court stated:

> If, as we have held, the Second Amendment does not apply to the states and their subdivisions, then Justice has no case. Even if we are wrong and the Ninth Circuit has proven to be the better predictor of the Supreme Court's rulings, there is a critical distinction between the D.C. ordinance struck down in *Heller* and the Cicero ordinance. Cicero has not prohibited gun possession in the town. Instead, it has merely regulated gun possession under § 62-260 of its ordinance. The Town does prohibit the registration of some weapons, but there is no suggestion in the Complaint or the record that Justice's guns fall within the group that may not be registered. Nor does *Heller* purport to invalidate any and every regulation on gun use; to the contrary, the Court in *Heller* disclaims any such intent . . . . Thus, even if we are wrong about incorporation, the Cicero ordinance, which leaves law-abiding citizens free to possess guns, appears to be consistent with the ruling in *Heller*.

*Id.* at 774 (citations omitted). The Supreme Court denied Justice's petition for a writ of certiorari. *Justice v. Town of Cicero*, 130 S. Ct. 3410 (2010). The Supreme Court thereafter ruled, in *McDonald v. City of Chicago*, that the Second Amendment indeed applies to the states and their subdivisions. *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). A bit later, the Supreme Court denied Justice's petition for rehearing. *Justice v. Town of Cicero*, 131 S. Ct. 46 (2010).

On August 28, 2010, Justice filed the present complaint, again asserting that Cicero's firearms registration ordinance violates the Second and Fourteenth Amendments and the Illinois Constitution. Compl. 9. He seeks declaratory relief and an injunction prohibiting Cicero from enforcing the ordinance against him. *Id.* 9.

Cicero's firearms registration ordinance provides that "[a]ll firearms in the town shall be registered in accordance with this division." Town of Cicero Code § 62-260. Section 62-262(a) of the ordinance requires that any person issued a registration

3

certificate:

>    (1)  Shall possess a valid Illinois Firearm Owner's Identification Card in accordance with 430 ILCS 65/4, as amended;
>    (2)  Has not been convicted of a crime of violence, as defined in this division as weapons offense, or a violation of this division;
>    (3)  Has not been convicted within the five years prior to the application of any violation of:
>        a.  Any law relating to the use, possession or sale of any narcotic or dangerous drug; or
>        b.  The provisions of 720 ILCS 5/12-2(a)(1), as amended, for aggravated assault or any similar provision of the law of any other jurisdiction;
>    (4)  Has vision better than or equal to that required to obtain a valid driver's license under the standards established by 625 ILCS 5/6-109; and
>    (5)  Is not otherwise ineligible to possess a firearm under any federal, state or local law, statute or ordinance.

Section 62-261 prohibits the issuance of registration certificates for sawed-off shotguns, machine guns, short-barreled rifles, firearm mufflers, firearm silencers, and assault weapons. Sections 62-262(b) and 62-264 require applicants for registration certificates to file with the director of public safety: a $25 non-refundable application fee; their name, social security number, addresses, age, sex, and citizenship; their firearm owner's ID number; two photographs; information about the firearm and the source from which it was obtained; evidence that they meet the criteria for registration; and "[s]uch other information as the director of public safety shall find reasonably necessary to effectuate the purpose of this division and to arrive at a fair determination whether the terms of this division have been complied with." Finally, section 62-259 authorizes fines of $250 to $750 for violations of the ordinance.

## Discussion

Defendants have moved to dismiss Justice's complaint pursuant to Rules 12(b)(1) and 12(b)(6). Defendants contend that: (1) Justice lacks standing to pursue

4

his claims; (2) the doctrine of claim preclusion bars his suit; (3) Cicero's firearm ordinance does not violate the Second Amendment; (4) Justice's official capacity claims against Dominick rely impermissibly on *respondeat superior* liability; (5) qualified immunity shields Dominick from liability for damages; and (6) the Illinois Local Governmental and Governmental Employees Tort Immunity Act bars all claims for monetary relief.

On a motion to dismiss, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive the motion, the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

The Court begins with defendants' contention that Justice lacks standing to pursue the relief he requests. Article III of the Constitution limits the federal courts to adjudication of actual cases or controversies. U.S. Const. art. III, § 2. "[T]he requirements of Article III case-or-controversy standing are threefold: (1) an injury in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court." *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Allen v. Wright*, 468 U.S. 737, 751 (1984)). An "injury in fact" is the "invasion of

5

a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical.'" *MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 751 (7th Cir. 2007) (quoting *Lujan*, 504 U.S. at 560). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citations omitted).

Defendants argue that Justice has failed to establish an injury in fact. The Court agrees. In his complaint, Justice alleges that he is "engaged within the limits of the Town of Cicero[] in the manufacture of various commercial products" and "is exercising his constitutional right to work for a living." Compl. 1. He also alleges that he "believes that he possesses the constitutional right protected by the Second Amendment . . . to keep and bear arms." *Id.* 2. But he does not allege any more than an abstract interest in the Cicero ordinance's validity. In other words, Justice does not articulate any facts that would support a finding that he has suffered the invasion of a legally protected interest that is concrete, particularized, and actual or imminent. This is insufficient. *See, e.g., Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990); *Diamond v. Charles*, 476 U.S. 54, 66-67 (1986) (a person who "has an interest, but no direct stake" in the matter in dispute lacks the concrete injury required for standing).

Because the Court has concluded that Justice has not alleged facts that establish standing to pursue his claims, it need not address defendants' remaining arguments.

**Conclusion**

For the reasons stated above, the Court grants defendants' motion to dismiss Justice's complaint for lack of standing [docket no. 12]. The Court will enter final judgment against Justice unless he files and notices for presentment, by no later than March 29, 2011, a motion for leave to amend attaching a proposed amended complaint that adequately alleges standing to sue.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 11, 2011